IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| PHILIP J. GOURNEAU, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) No. |
| v. | ) ) |
| JOHN C. BONEWICZ, P.C. and CACH, LLC, | ) ) JURY DEMANDED |
| Defendants. | ) CLASS ACTION |

**CLASS ACTION COMPLAINT**

Plaintiff Philip J. Gourneau files this complaint, individually and on behalf of a class, against Defendants John C. Bonewicz, P.C. and CACH, LLC for their unfair, deceptive, and illegal debt collection activities in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

*Parties*

1. Plaintiff Phillip J. Gourneau is a citizen of the State of Illinois who resides within this district.

2. Plaintiff is a "consumer," as that term is defined by §1692a(3) of the FDCPA, in that the alleged debt Defendant sought to collect from him is a consumer debt, incurred for personal purposes and allegedly owed to HSBC Bank.

3. Defendant John C. Bonewicz, P.C. ("Bonewicz") is an Illinois corporation with an office located in this district. Bonewicz is regularly engaged, for profit, in the collection of debts allegedly owed by consumers. Bonewicz is therefore a "debt collector" as that term is defined by §1692a(6) of the FDCPA.

1

4.      Defendant CACH, LLC ("CACH") is incorporated under the laws of Colorado. CACH is subject to this Court because it conducts substantial business in this district and it maintains a registered agent in this district.

5.      CACH is in the business of buying debts allegedly owed by consumers and regularly engaged, for profit, in the collection of debts allegedly owed by consumers. CACH is therefore a "debt collector" as that term is defined by §1692a(6) of the FDCPA.

6.      Prior to September 2011, CACH retained Bonewicz to collect an alleged HSBC credit card debt from Plaintiff. As a debt buyer is responsible for the conduct of the debt collector it hires to collect a debt, CACH is responsible for all actions taken by Bonewicz alleged in this action.

7.      Additionally, by contracting with Bonewicz for the collection of debts, including the alleged debt owed by Plaintiff, Bonewicz was the apparent and actual agent of CACH and was cloaked with the authority to act on behalf of CACH in collecting such debts. CACH is obligated by law to be financially responsible for such conduct. In sum, at all times relevant, Bonewicz was the agent and/or joint venturer of CACH. As such, Bonewicz and CACH will hereinafter be referred to collectively as "Defendants."

*Jurisdiction and Venue*

8.      This Court has federal question jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since Defendants transact business in this district and the activities giving rise to Plaintiff's cause of action occurred in this district.

*Facts*

10. Prior to September 2011, Defendants began attempting to collect from Plaintiff an alleged HSBC credit card debt incurred for personal, family, or household purposes, and not for a business purpose.

11. Despite the fact that Plaintiff informed Defendants that he was not to receive telephone calls at work, Plaintiff continued to receive telephone calls from Defendants at his place of employment from September 2011 through February 2012.

12. Specifically, on September 27, 2011, prior to coming to work, Plaintiff told Defendants that he was not to receive calls at work.

13. However, despite their actual knowledge that Plaintiff should not be called at work, Defendants continued to call Plaintiff at his place of employment on, among other dates, September 27, 2011 (at 12:47 p.m. and at 3:46 p.m.), September 30, 2011 (at 8:41 a.m.), and February 3, 2012 (at 8:33 a.m.).

14. Such conduct caused Plaintiff to be subject to embarrassment and stress. In fact, by virtue of receiving such calls at work, his co-workers discovered that he was being contacted by a debt collector.

15. Moreover, on September 27, 2011, Defendants called Plaintiff's cell phone seeking to collect a debt using an automated dialer. During this call to Plaintiff's cell phone, Plaintiff informed Defendants that they did not have permission to call his cell phone and that they should cease such calls.

16. Despite Plaintiff's revocation of any conceivable permission to call his cell phone (and though Defendants did not have such permission or consent prior to the September 27, 2011

call), Defendants continued to call Plaintiff's cell phone in attempt to collect a debt using an automated dialer on multiple dates, including but not limited to:

      (a) October 18, 2011 at 2:41 p.m.; and

      (b) October 21, 2011 at 9:12 a.m.

17. On information and belief, the automated dialer used to make the above calls has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Neither Bonewicz nor CACH have or had a prior existing relationship with Plaintiff.

19. The telephone number 800-700-2106 is a number used by Defendants to attempt to collect debts.

20. On information and belief, a person who calls 800-700-2106 is connected to a call center that is operated and/or controlled by one or both of the Defendants.

21. On information and belief, given that one purpose of an automated dialer is to reach a large volume of persons quickly, Defendants have called thousands of other consumers using their automated dialer(s). On information and belief, more than fifty of these calls were to cellular phones.

22. Moreover, Defendants could have determined that the number used to call Plaintiff was his cellular telephone number. *See e.g., In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International Clarification and Declaratory Ruling*, GC Docket No. 02-278, p. 9 n. 43 (Jan. 4, 2008); DMA Wireless Number Suppression List, *available at* http://preference.the-dma.org/products/wireless.shtml.

## COUNT I
### *Violations of the Fair Debt Collection Practices Act, Brought Individually Against Both Defendants*

23. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-22 as if set forth fully in this Count.

24. In September 2011, Plaintiff informed Defendants that he was not to receive telephone calls at work and did not want to receive calls on his cell phone.

25. However, despite Defendants' knowledge that such calls were inconvenient to Plaintiff, Defendants continued, on multiple occasions, to telephone Plaintiff at work in attempt to collect a debt allegedly owed on an HSBC credit card.

26. Section 1692c(a) of the FDCPA provides, in relevant part:

> *Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --*
> *(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.*
> *...*
> *(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.*

27. Defendants violated § 1692c and its subsections by communicating with the Plaintiff at an inconvenient time and at his place of employment, despite knowing that Plaintiff could not accept telephone calls there and on his cell phone.

28. In fact, Plaintiff suffered severe anxiety, embarrassment, and stress as a result of the above conduct, which was further exacerbated by the fact that his co-workers overheard the substance of these telephone calls.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendants and award damages as follows:

 (A) Actual and statutory damages as provided under the FDCPA, 15 U.S.C. §1692k;

 (B) Attorney's fees, litigation expenses and costs incurred in bringing this action; and

 (C) Any other relief this Court deems appropriate and just under the circumstances.

### COUNT II
*Violations of the Telephone Consumer Protection Act, Brought Individually And On Behalf Of Class A and Class B, Against Both Defendants*

29. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-22 as if set forth fully in this Count.

30. Plaintiff brings this claim on behalf of a Class A consisting of: (a) all natural persons with a cellular telephone number corresponding to an Illinois area code; (b) that was called by Bonewicz; (c) with an automated telephone dialer during a period; (d) where Bonewicz's records show that the person received at least one phone call placed by Bonewicz using an automated dialer; (e) where Bonewicz's records do not show any express prior consent to call that person's cellular telephone prior to the first call placed by the automated dialer; (f) within 4 years of the filing of the instant complaint. Excluded are persons who ported their cellular telephone number during the class time period.

31. Plaintiff also brings this claim on behalf of a Class B consisting of: (a) all natural persons with a cellular telephone number corresponding to an Illinois area code; (b) that was called by Bonewicz on behalf of CACH; (c) with an automated telephone dialer during a period; (d) where Bonewicz's records show that the person received at least one phone call placed by Bonewicz using an automated dialer; (e) where Defendants' records do not show any express prior consent to call that person's cellular telephone prior to the first call placed by the automated

dialer; (f) within 4 years of the filing of the instant complaint. Excluded are persons who ported their cellular telephone number during the class time period.

32. The classes are so numerous that joinder of all the members is impractical. The actual number of the class members is in the exclusive control of Defendants.

33. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members. Such questions include, but are not limited to:

    (a) Whether Defendants used an automated dialer system to contact Plaintiff and the class members in attempt to collect alleged debts; and

    (b) Whether Defendants' conduct violates the TCPA.

34. Plaintiff's claims are typical of the claims of the putative class members, including:

    (a) Plaintiff and all putative class members were telephoned by Defendants regarding their alleged debts; and

    (b) Defendants made such telephone calls to Plaintiff and all putative class members using an automated dialer.

35. Plaintiff will fairly and adequately protect the interests of the classes and Plaintiff has hired counsel able and experienced in class action litigation.

36. Questions of law or fact common to the putative classes predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

37. This Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive, individual basis.

38. No unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and

all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

39. The TCPA, 47 U.S.C. § 227, provides, in relevant part:

(b) Restrictions on use of automated telephone equipment.

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
…
(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

40. Defendants violated the TCPA as to Plaintiff and the class members by using an automated dialer to telephone their cell phones when trying to collect an alleged debt, without their express permission or consent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and the members of Class A & Class B, and against Defendants, and award:

(a) Statutory damages pursuant under the TCPA;

(b) Costs of litigation; and

(c) An injunction prohibiting Defendants from future violations of the TCPA with respect to Plaintiff and the class, along with corresponding declaratory relief.

*Plaintiff Demands Trial By Jury*

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

## NOTICE OF LIEN

     Please be advised that, under 770 ILL. COMP. STAT. § 5/1, the Consumer Advocacy Center, P.C. claims a lien upon any recovery herein for the reasonable fees and costs expended litigating Plaintiff's claims or such an amount as the Court awards.

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

## DOCUMENT PRESERVATION DEMAND

     Plaintiff hereby demands that the Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff or the putative class members, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such

third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

By: /s/ Lance A. Raphael<br>
One of Plaintiff's Attorneys